**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 14-cr-00379-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. RUSHAUD HUDSON,

    Defendant.

## ORDER RE: MOTION TO SUPPRESS

**Blackburn, J.**

This matter before me on **Defendant's Motion To Suppress Physical Evidence Based Upon Illegal Stop, Detention, Arrest and Search** [#19],[1] filed November 4, 2014.  The government filed a response [#22].  I heard the motion on February 3, 2015, at which time I received evidence and argument.

In reviewing the arguments and authorities cited by Mr. Hudson and the government in support of their respective positions, I have uncovered a gap in the briefing that requires further expatiation by the parties.  Specifically, I require further development of the government's theory that, even if Mr. Hudson was arrested (rather than merely detained), probable cause supported a warrantless arrest in any event.  The government asserts that either of two possible scenarios support this theory: (1) Mr. Hudson's failure to produce a driver's license, in violation of § 42-2-101(3), C.R.S.; and

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

(2) obstruction of a peace officer, in violation of § 18-8-104(1), C.R.S.

However, although the failure to produce a driver's license constitutes a violation of Colorado law.  **See** §42-2-101(3), C.R.S., such failure is only a class B traffic infraction, punishable by a fine only, *see* §42-2-101(10), C.R.S.  Mr. Hudson therefore could not have been arrested for this offense.  **See** §42-4-1701(3)(a)(I) (noting that class B traffic infractions are subject only to a monetary penalty); **People v. Barrientos**, 956 P.2d 634, 636 (Colo. App. 1997).

The assertion that Mr. Hudson committed the offense of obstruction of justice has more potential, but the government's argument in this regard fails to consider the actual elements of the crime.  "A person commits obstructing a peace officer . . . when, by using or threatening to use violence, force, physical interference, or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting under color of his or her official authority[.]"  § 18-8-104(1), C.R.S.  Thus, the essential elements of the crime are that (1) the defendant knowingly obstructed (2) the "enforcement of the penal law" (3) by an officer acting under "color of official authority.  **See Dempsey v. People**, 117 P.3d 800, 812 (Colo. 2005).  The government's bare assertion that Mr. Hudson violated this statute does not adequately address each of these elements in the context of the evidence.

The court requires further oral argument from the parties to further explain how these elements are satisfied – or not – on the facts presented at the February 3 hearing. I therefore find and conclude that further hearing for that limited purpose is appropriate

and advantageous to the court's resolution of the ultimate issues presented by the motion.

**THEREFORE, IT IS ORDERED** that a further hearing is set for **Friday, April 24, 2015**, at **9:00 a.m. (MDT)**, the court reserving one-half hour for the parties to present oral argument on the issues set forth herein as requiring further development.

Dated April 6, 2015, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge